# Goldstein *v.* Lathrop-Hatten Lumber Company.

### *Assumpsist.*

(Decided June 30, 1909.   Rehearing denied Dec. 16. 1909.
51 South. 150.)

1. *Sales; Price; Evidence; Issues.*—Where the action was for the price of lumber, and the only plea was the general issue, it was incompetent for the defendant to show that the lumber was furnished under a contract made by him with a third person and there was a breach of the contract in the failure to furnish the lumber within the contract terms.

2. *Evidence; Best and Secondary.*—Where a defendant testified that he did not have the bills so that a demand on him to produce them would have been unavailing. any error in permitting a witness to testify that the bills were sent to the defendant for the lumber sold. instead of requiring the witness to produce the bill was harmless.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Assumpsit by Lathrop-Hatten Lumber Company against H. H. Goldstein. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —Among the guaranteed rights of property is the right of contract, and this includes the persons with whom one may contract as fully as the property which may be its subject-matter.—*Sullivan v. L. & N.*, 128 Ala. 77, and authorities there cited. The court erred in admitting testimony of bills of lumber sent the plaintiff without showing the bills themselves.—*N. Bir. L. Co. v. Sims*, 48 South. 84.

SMITH & SMITH, for appellee.—Counsel discuss the assignments of error, and insist that there was no error. They cite.—20 South. 624; 5 Mayf. Dig. 24.

MAYFIELD, J.—Plaintiff, a lumber manufacturer and dealer, sued defendant on the common counts for lumber furnished to and used by defendant. Trial was had on the general issue to the complaint, which resulted in a verdict and judgment for plaintiff for the amount claimed. The evidence tended to show that plaintiff shipped and delivered to defendant several lots of lumber, which defendant used in the construction of his residence; that the shipments were made by plaintiff to defendant in pursuance of orders and specifications given by the defendant to another lumber dealer; that this dealer forwarded the orders to plaintiff, who shipped and delivered to defendant in accordance with these orders, sending bills thereof to the defendant, but sometimes to the other dealer, who collected them from defendant for plaintiff. Defendant declined to pay the last bills, and this action is to recover the balance due.

The only defense attempted was to show a special contract between the defendant and a third party to furnish the lumber in question to defendant, and to show

a breach of such contract in not furnishing the lumber within the time specified in the contract, and loss and damages suffered by defendant on account of such delay. It is not denied that the lumber desired was furnished to and used by defendant. Bills thereof were furnished by plaintiff to defendant. No objections to the bills or the lumber were ever made by defendant; but he continued to postpone payment, and has not paid, though he has used the lumber. His contention on the trial was, and his insistence on this appeal is, in short, that he ordered the lumber from a third party, and had a contract with such party to furnish it within a given time; that it was not furnished within the time stipulated; and that he suffered damages in consequence of the breach of this contract, chiefly in the rental value of the house during the time of the delay. If this defense was available at all, it should have been set up by special and appropriate pleas. It was not available under the general issues. Consequently evidence to establish such matters as could thus be set up only by such appropriate pleas was not admissible under the general issue on which the trial was had.

Something is said in brief of counsel as to plea of recoupment; but no such plea appears in the record proper, nor does it otherwise appear that there was a trial on such issue, so that we can treat the case as if tried on this issue.

The error—if such it was—in allowing the witness to testify that he sent bills to defendant, instead of producing the bills themselves or sufficiently accounting for their absence, was cured, because the defendant, to whom they were sent, testified that he did not have them, and that other bills sent him were lost. Hence a demand on him, the only custodian of them, would have been useless.

It is also insisted that the court erred in refusing to exclude the testimony of Taylor as to the statements made by witness from the books as to transactions with the defendant. The transcript does not sufficiently inform us as to what these statements complained of were, to warrant our putting the court in error for refusing to exclude them.

The judgment of the trial court must be affirmed. Affirmed.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur.